THOMAS F. KOEGEL (SBN 125852)
  tkoegel@crowell.com
REBECCA M. SUAREZ (SBN 284853)
  rsuarez@crowell.com
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Telephone: +1.415.986.2800
Facsimile: +1.415.986.2827

RAYMOND P. BOLAÑOS (SBN 142069)
  rb2659@att.com
AT&T SERVICES, INC. LEGAL DEPT.
430 Bush Street, 6th Floor
San Francisco, CA 94108
Telephone: +1.415.694.0640
Facsimile: +1.415.543.0418

Attorneys for Plaintiff PACIFIC BELL TELEPHONE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| PACIFIC BELL TELEPHONE COMPANY, a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROSEBURG FOREST PRODUCTS CO., an Oregon Corporation,<br><br>Defendant. | Case No. 2:23-at-1261<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. NEGLIGENCE<br>2. PRIVATE NUISANCE<br>3. PUBLIC NUISANCE<br>4. VIOLATION OF HEALTH & SAFETY CODE § 13007<br>5. TRESPASS |

Plaintiff PACIFIC BELL TELEPHONE COMPANY ("Plaintiff" or "AT&T"), brings this action for damages against ROSEBURG FOREST PRODUCTS, CO., an Oregon Corporation ("Defendant" or "Roseburg") as follows:

**INTRODUCTION AND SUMMARY OF CLAIMS**

1. This Complaint arises from a fire caused by Roseburg's failure to prudently and safely maintain its facility and operations in the City of Weed, in Siskiyou County California, a wildfire now called the "Mill Fire."

2. The Mill Fire began on September 2, 2022, and over the course of 12 days, burned more than 3,935 acres, killed two people, and destroyed 118 structures in the area.

3. Plaintiff is informed and believes, and based thereon alleges, that the Mill Fire ignited because Roseburg—the operator of a veneer mill (the "Facility") in Weed, California—negligently, recklessly, and willfully failed to maintain its Facility and the operations therein. Roseburg's failure to operate, use, control, inspect, repair, and maintain its Facility and the surrounding environment caused the Mill Fire to ignite.

4. Among the property destroyed in the Mill Fire were communications lines, equipment, and infrastructures belonging to Plaintiffs.

5. Plaintiff is a provider of telecommunications services in Siskiyou County. Plaintiff owns or possesses real and personal property located in Siskiyou County and suffered harm that was legally caused by the Weed Mill Fire. Plaintiff's damages to date are in excess of $1,000,000 (exclusive of interest and attorney's fees), according to proof.

6. Plaintiff seeks damages for, *inter alia*: (1) damage to real and personal property, including but not limited to loss of or damage to poles, cables, lines, antennas, structures, sites, equipment, and other infrastructures ("Plaintiff's Facilities"); and (2) other damages caused by the wrongful conduct of Defendant named herein in amounts according to proof.

7. Plaintiff is informed and believes, and based thereon alleges, that the Mill Fire was sparked by Roseburg's negligent, reckless, and unsafe practices regarding fire ignition risks associated with the processes conducted at its Facility. Roseburg's operations generated a hot ash byproduct, a highly flammable material that must be properly cooled and stored to prevent

potential fire ignitions.

8. Roseburg knew, or should have known, of the fire risks posed by its operations at the Facility, as Plaintiffs are informed and believe, and based thereon allege, that several prior ignitions and fires in the Facility had occurred in recent years.

9. Further, Roseburg knew, or should have known, that Siskiyou County is an area highly susceptible to large fires, such as the 2020 Slater Fire and the July 2022 McKinney Fire.

10. Roseburg had a duty to operate and maintain the industrial processes at its Facility safely. Roseburg violated that duty.

11. Had Roseburg acted responsibly, the Mill Fire in Siskiyou County could have been prevented.

**THE PARTIES**

12. Plaintiff Pacific Bell is a corporation organized and existing under the laws of the State of California with a principal place of business in San Francisco, California. Pacific Bell is duly authorized to do business and is doing business in the State of California as a provider of wireline voice and data communications services. Pacific Bell provides such services in the trade name of "AT&T California."

13. At all relevant times, Defendant Roseburg was a corporation formed in and incorporated under the laws of the State of Oregon. Roseburg's corporate headquarters are located at 3600 Gateway Street, Springfield, Oregon, and the majority of Roseburg's officers direct, control, and coordinate its corporate activities from that same location.

**JURISDICTION AND VENUE**

14. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000. Diversity of citizenship exists because Plaintiff is a citizen of California and Defendant Roseburg is a citizen of Oregon.

15. Venue is proper in this Court pursuant to 18 U.S.C. § 1391(b)(2) because the Mill Fire occurred, and Plaintiff's Facilities that are the subject of this Complaint were located, within the County of Siskiyou within this District.

**FACTUAL ALLEGATIONS**

16. On September 2, 2022, the Mill Fire ignited at the wood-products processing Facility on Roseburg's property in Siskiyou County.

17. Roseburg owned and operated the Facility. Plaintiff is informed and believes, and based thereon alleges, that the Facility was used for, among other purposes, processing logs, chips, and larger pieces of wood to create wood veneer, and that for its industrial processes, the Facility used various types of powered industrial equipment.

18. Plaintiff is informed and believes, and based thereon alleges, that Roseburg also used the Facility to generate electricity at an onsite plant (the "Plant"). Plaintiff is further informed and believes, and based thereon alleges, that the electricity from the Plant powers the Facility, and is also transferred to the Siskiyou County electrical grid for public use.

19. Plaintiff is informed and believes, and based thereon alleges, that the Plant created heat by burning solid fuel. The fuel Roseburg used for the Plant included byproducts of its wood processing, such as wood chips. Once burned, the wood became a hot ash byproduct.

20. Plaintiff is informed and believes, and based thereon alleges, that Roseburg removed the hot ash from the Plant, and stored it in a large wooden building that was built in the 1920s (the "Shed"), in order to cool the ash. The hot ash was flammable and could ignite a fire it not properly cooled or treated.

21. Plaintiff is informed and believes, and based thereon alleges, that the Shed was used for decades to cool hot ash. Over time, ash, debris, wood chips, and other flammable material accumulated in and around the Shed, and fires had previously ignited there.

22. Plaintiff is informed and believes, and based thereon alleges, that Roseburg knew that the hot ash on its premises posed a fire risk. Fire ignitions from the hot ash were typical at the Facility, and a matter of common knowledge to Roseburg's management and employees overseeing operations and working at the Facility.

23. Plaintiff is informed and believes, and based thereon alleges, that (i) there were several operation-related fire ignitions at the Facility in recent years—including wood-product ignitions in 2015 and 2017 and (ii) hot ash from the Plant stored in the Shed caused fires at the

Facility on a frequent basis.

24. Plaintiff is informed and believes, and based thereon alleges, that to address the known ignition risk at the Facility, Roseburg installed a suppression system in the Shed that was intended to cool hot ash and mitigate and/or prevent fires.

25. Plaintiff is informed and believes, and based thereon alleges, that Roseburg failed to ensure that the suppression system was adequately designed, constructed, inspected, maintained, managed, or upgraded. Roseburg's management failed to allocate sufficient funds to upgrade and maintain the suppression system and its components.

26. Plaintiff is informed and believes, and based thereon alleges, that the suppression system in the Shed had, or was meant to function as, a sprinkler system. When a certain amount of heat was detected, the sprinklers were supposed to discharge water to extinguish or mitigate a fire.

27. Plaintiff is informed and believes, and on that basis alleges, that the sprinkler system in the Shed was also inadequately designed, constructed, inspected, and maintained by Roseburg. As a result, the sprinkler system did not function as intended when the Mill Fire ignited on September 2, 2022. To the extent that it did function, the sprinkler system was incapable of suppressing an ignition such as the initial stages of the Mill Fire.

28. Plaintiff is also informed and believes, and on that basis alleges, that Roseburg (i) engaged in a practice of using its own employees to fight fires as the Facility and (ii) did not take reasonable steps to educate or train its employees in methods, techniques, and the science of fire suppression.

29. Roseburg also knew or should have known the greater risks posed by a fire at the Facility. The Facility (including the Plant, and the Shed) were located in an area with high fire risk. By September 2021, 94% of Siskiyou County was categorized as in an "extreme drought," with over 40% qualifying for "exceptional drought." 2022 was the fourth driest year in Siskiyou County over the past 128 years—creating an increased risk of wildfire. Siskiyou County also had a recent history of wildfires—including in each of the two years prior to the Mill Fire. Recent fires include the McKinney Fire in July 2022 (60,138 acres), the Lava Fire in 2021 (26, 409

acres), the Slater Fire in 2020 (157,220 acres), and the Klamathon Fire in 2018 (38,008 acres).

30. Plaintiffs have suffered damage to Plaintiffs' Facilities from the Mill Fire.

### FIRST CAUSE OF ACTION – NEGLIGENCE

31. Plaintiff incorporates and re-alleges each of the paragraphs set forth above as though fully set forth herein.

32. The Mill Fire was a direct and legal result of the negligence, carelessness, recklessness, and/or unlawfulness of Defendant Roseburg, which breached its respective duties owed individually and/or collectively to Plaintiff by, *inter alia,* (1) failing to comply with the applicable statutory, regulatory, and/or professional standards of care, including but not limited to California Public Resources Code §§ 4437 and 4440; (2); failing to prudently and safely oversee the operation, inspection, repair, and maintenance of the Facility—including the Plant and the Shed; (3) failing to timely and properly maintain, manage, inspect, and/or monitor the suppression system at the Facility; (4) failing to keep its Facility in a safe condition at all times to prevent fire, in consideration of the increased fire risk present in Siskiyou County; and (5) failing to properly train and to supervise employees and agents responsible for maintenance and inspection of the Facility and its operations.

33. As a result of Defendant's actions and omissions, Plaintiff suffered damage to real and personal property of peculiar value to Plaintiff, including the loss of communication lines, equipment, and infrastructures, and a loss of use, benefit, goodwill, diminution in value and/or enjoyment of such property in an amount according to proof at trial.

34. As a result of Defendant's actions and omissions, Plaintiff incurred and will continue to incur expenses and other economic damages related to the damage to their property, including costs relating to storage, clean-up, disposal, repair, depreciation, and/or replacement of their property and other related consequential damages in an amount according to proof at trial.

### SECOND CAUSE OF ACTION – PRIVATE NUISANCE

35. Plaintiff incorporates and re-alleges by this reference each of the paragraphs set forth above as though fully set forth herein.

36. At all relevant times, Plaintiff was the owner of property in the area of the Mill

1  Fire.

2      37.    Defendant owed Plaintiff a duty to conduct its business, which included the operation, inspection, and maintenance of the Facility and its operations, in a manner that did not threaten, harm or offend Plaintiff or obstruct Plaintiff's free use of its property or pose a fire hazard to its property.

    38.    Defendant's acts and omissions created or permitted a condition to exist that was harmful to health; offensive to the senses; obstructive to the free use of property, interfering with the comfortable enjoyment of life and property; unlawfully obstructed the free passage or use, in a customary manner, of public streets and highways; and a foreseeable fire hazard to Plaintiff's property.

    39.    Defendant's conduct that created the above conditions was intentional and unreasonable and/or unintentional but caused by negligence or recklessness considering the apparent risks of catastrophic fires in both the Facility and Siskiyou County.

    40.    The above-referenced conditions substantially interfered with Plaintiff's use and quiet enjoyment of its property.

    41.    The above-referenced conditions also affected a substantial number of individuals concurrently.

    42.    An ordinary person would be reasonably annoyed and disturbed by the conditions created by Defendant's acts and omissions and the resulting Mill Fire.

    43.    The seriousness of the harm Defendant caused Plaintiff outweighs any public benefit that Defendant may provide.

    44.    Plaintiff did not consent expressly or impliedly to Defendant's actions and inactions in creating these conditions.

    45.    Defendant's actions and omission in creating these conditions were a factual and legal cause of Plaintiff's suffering damages including, but not limited to, destruction of and/or damage to real and personal property of peculiar value, and loss of use and quiet enjoyment of personal property. Plaintiff seeks damages to be determined according to proof at trial.

//

### THIRD CAUSE OF ACTION – PUBLIC NUISANCE

46. Plaintiff incorporates and re-alleges by this reference each of the paragraphs set forth above as though fully set forth herein.

47. At all times relevant, Plaintiff was the owner of property in the area of the Mill Fire. Plaintiff held a right to occupy, enjoy, and use its property without interference by Defendant.

48. Defendant owed a duty to the public, including Plaintiff, to conduct its business, including operation, inspection, and maintenance of mill and operations, in a manner that did not threaten, harm, or offend the public or interfere with public use and comfortable enjoyment of or pose a fire hazard to their property.

49. Defendant's acts and/or omissions created a condition or permitted a condition to exist that was harmful to health; offensive to the senses; obstructive to the free use of property, interfering with the comfortable enjoyment of life and property; unlawfully obstructed the free passage or use, in a customary manner, of public streets and highways; and an entirely predictable fire hazard to Plaintiff's property.

50. Defendant's conduct that created the above conditions was intentional and unreasonable and/or unintentional but caused by negligence or recklessness considering apparent risks of considering the apparent risks of catastrophic fires in both the Facility and Siskiyou County.

51. The above-referenced conditions affected a substantial number of people simultaneously within the general public, constituting a public nuisance pursuant to California Civil Code §§ 3479 and 3480 and Public Resources Code §§ 4170 and 1471.

52. Plaintiff did not consent expressly or impliedly to Defendant's actions and omissions in creating these conditions.

53. An ordinary person would be reasonably annoyed and disturbed by the conditions created by Defendant's conduct and the resulting Mill Fire.

54. The seriousness of the harm Defendant caused Plaintiff outweighs any public

benefit that Defendant may provide.

55. Defendant's unreasonable conduct resulting in the Mill Fire is a factual and legal cause of injury to the public, including to Plaintiff.

56. As a factual and legal result of Defendant's acts and omissions in creating these conditions, Plaintiff suffered damages different and unique from the type suffered by the general public, including, but not limited to, loss of possession, use, and enjoyment of real and personal property due to destruction of and/or damage to such property.

57. Plaintiff seeks damages in an amount to be determined according to proof at trial.

58. Plaintiff has standing to maintain an action for public nuisance under California Civil Code § 3479 and California Code of Civil Procedure § 731 because the nuisance is injurious to Plaintiff, as alleged herein.

## FOURTH CAUSE OF ACTION – VIOLATION OF HEALTH AND SAFETY CODE § 13007

59. Plaintiff incorporates and re-alleges by this reference each of the paragraphs set forth above as though fully set forth herein.

60. By engaging in the acts and/or omissions alleged in this Complaint, Defendant willfully, negligently, carelessly, recklessly, and/or in violation of law, set fire to and/or allowed fire to be set to the property of another in violation of Health and Safety Code § 13007.

61. As a result of Defendant's violation of Health and Safety Code § 13007, Plaintiff suffered recoverable damages to property under Health and Safety Code § 13007.21.

62. As a result of Defendant's violation of Health and Safety Code § 13007, Plaintiff is entitled to reasonable attorneys' fees under Code of Civil Procedure § 1021.9.

63. As a result of the acts and omission of Defendant, Plaintiff has suffered harm, injury and damages as set forth above.

## FIFTH CAUSE OF ACTION - TRESPASS

64. Plaintiff incorporates and re-alleges by this reference each of the paragraphs set forth above as though fully set forth herein.

65. At all relevant times herein, Plaintiff was the owner, tenant, and/or lawful occupier

of property damaged by the Mill Fire.

66. Defendant, in wrongfully acting and/or failing to act in the matter set forth above, caused the Mill Fire to ignite and spread out of control, causing harm, damage, and injury to Plaintiff, resulting in a trespass upon Plaintiff's property interests.

67. Plaintiff did not grant permission for Defendant to wrongfully act in a matter so as to cause the Mill Fire that spread and wrongfully entered upon its property, resulting in the harm, injury and damage alleged above.

68. As a direct and legal result of the wrongful conduct of Defendant that led to the trespass, Plaintiff has suffered and will continue to suffer damages in an amount according to proof at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant Roseburg as follows:

1. Pursuant to the first cause of action, that Plaintiff recovers damages against Defendant according to proof, together with interest thereon;

2. Pursuant to the second cause of action, that Plaintiff recovers damages against Defendant according to proof, together with interest thereon;

3. Pursuant to the third cause of action, that Plaintiff recovers damages against Defendant according to proof, together with interest thereon;

4. Pursuant to the fourth cause of action, that Plaintiff recovers damages against Defendant according to proof, together with interest thereon;

5. Pursuant to the fifth cause of action, that Plaintiff recovers damages against Defendant according to proof, together with interest thereon;

6. For costs of suit as allowed under the law;

7. For attorneys' fees as permitted by law; and

8. For all such and further relief as the Court deems just and proper.

//

//

//

**DEMAND FOR JURY TRIAL**

Plaintiff respectfully demands a trial by jury on all issues triable to a jury.

Dated: December 11, 2023                    CROWELL & MORING LLP


                                            By: /s/ Thomas F. Koegel
                                                Thomas F. Koegel
                                                Rebecca M. Suarez
                                                Attorneys for Plaintiff PACIFIC BELL
                                                TELEPHONE COMPANY